Zhong Huang LIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71024.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wernery, Esq., John M. McAdams, Jr., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

■ Zhong Huang Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We lack jurisdiction over Lin's CAT claim because he did not exhaust it with the BIA before filing his petition for review. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence the factual findings underlying the denial of Lin's asylum and withholding of removal claims. *Zahedi v. INS*, 222 F.3d 1157, 1162 (9th Cir.2000). We dismiss in part and grant in part the petition for review.

■ Lin established his eligibility for asylum and withholding of removal because he credibly testified that the Chinese government went to his house to arrest him for practicing Falun Gong, and the State Department report in the record indicated that the Chinese government had tortured Falun Gong practitioners after they refused to recant their beliefs. *See id.* at 1165–66. The IJ impermissibly determined that Lin did not show a well-founded fear of future persecution in China because he could avoid torture by repudiating his belief in Falun Gong. *See Fisher v. INS*, 61 F.3d 1366, 1376 (9th Cir. 1994) (indicating that being forced to repudiate a religious belief is considered a form of persecution).

Accordingly, we hold that Lin is statutorily eligible for asylum and withholding of removal and we remand his case to the agency for further proceedings regarding changed country conditions. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED IN PART AND GRANTED IN PART; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.